**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 95-30822**
_____

**ROSE MARIE PAVLIK,**

**Plaintiff-Appellant,**

**versus**

**DR. WILLIAM G. AKINS, JR.; ST. PAUL FIRE AND MARINE**

**INSURANCE COMPANY,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court
for the Western District of Louisiana
(91-CV-1529)**
_____

June 11, 1996

Before DUHÉ, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In this diversity medical malpractice action, for which a bench trial was held, Rose Marie Pavlik challenges the holdings that Dr. Akins obtained informed consent and satisfied the applicable standard of care in recommending, and in performing, the surgery in issue. We **AFFIRM**.

I.

Pavlik, a licensed practical nurse, was diagnosed as early as 1976 as having spondylolisthesis and suffered from recurring

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

episodes of acute back-related pain. Upon her condition worsening greatly in the fall of 1985, she was hospitalized and placed in traction. Dr. Akins, in agreement with Dr. Litel and Dr. Campbell, recommended to Pavlik that she undergo surgery rather than pursue further conservative treatment.

Pavlik consented; and Dr. Akins performed a Steffee plate procedure as part of the surgery performed by him and Dr. Litel on November 5, 1985. The surgery was initially successful, but by late January 1986, Pavlik's posture had begun to pitch forward again. That May, x-rays revealed non-fusion and that the screws securing the Steffee plates had broken.

Pavlik filed a premature state court action which was dismissed; then, a Medical Review Panel found that the evidence did not support a conclusion that Dr. Akins failed to meet the applicable standard of care. In 1991, Pavlik brought this action in district court.

The district court conducted a two day bench trial in February 1995, over nine years after the November 1985 surgery. Pavlik, her expert (Dr. Moshein), and Dr. Akins testified, and depositions were admitted from four other doctors regarding Dr. Akins' treatment of Pavlik. In a comprehensive opinion in July 1995, which included detailed findings of fact, the court held for Dr. Akins.

## II.

"We review a judgment on the merits of a nonjury civil case applying the usual standards of review. Thus, we review conclusions of law de novo and findings of fact for clear error."

2

*Switzer v. Wal-Mart Stores, Inc.*, 52 F.3d 1294, 1298 (5th Cir. 1995). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." FED. R. CIV. P. 52(a).

This appeal primarily concerns a review of findings of fact, including based on credibility choices. Among other things, the district court was faced with directly conflicting testimony by Pavlik and Dr. Akins concerning pre-operation information he provided orally to her on two occasions, upon which, among other factors, she based her decision to have surgery. As is well known, a finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed". *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citation and internal quotation omitted). Of direct application is the rule that, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id*. at 574. That is the situation here.

### A.

Pavlik maintains first that, because Dr. Akins did not present all the material risks to her, she did not give an informed consent to the surgery. *Hondroulis v. Schuhmacher*, 553 So.2d 398, 417 (La. 1988), interprets the Louisiana Uniform Consent law, LA.REV.STAT.ANN. § 40:1299.40, as creating a rebuttable presumption of informed

consent when, as here, a "patient sign[ed] a document purporting to warn him of a risk involved in the proposed surgery or treatment". *Hondroulis* requires the physician to disclose all material risks to the patient. *Id.* at 411.

In light of the contradictory testimony, the district court made, *inter alia*, a credibility determination, and found, *inter alia*, that Dr. Akins disclosed all material risks of the Steffee plate surgery to Pavlik. Based upon our review of the record, we conclude that the findings of fact in support of the court's conclusion that Pavlik gave an informed consent are not clearly erroneous; likewise, its conclusion of law along that line is not in error.

## B.

Additionally, Pavlik asserts that Dr. Akins breached the applicable standard of care by prescribing surgery rather than conservative treatment, and was also negligent in performing that surgery. Under LA.REV.STAT.ANN. § 9:2794 (A), Pavlik must prove that she suffered injuries that she otherwise would not have incurred because Dr. Akins lacked the knowledge or skill, or failed to use the reasonable care, ordinarily exercised by physicians practicing in the same specialty. Needless to say, unsuccessful treatment is not an indication *per se* of malpractice. *Wainwright v. Leary*, 623 So.2d 233, 237 (La.App. 2 Cir.), *writ denied*, 629 So.2d 1127 (La. 1993).

The district court held that the surgery was an acceptable method of treatment, and that Dr. Akins did not fall below the

standard of care in performing it.  Again, based upon our review of the record, we conclude that its findings of fact in support of these conclusions of law are not clearly erroneous; likewise, the conclusions are not in error.

### III.

For the foregoing reasons, the judgment is

*AFFIRMED*.